NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN PENTCHEV IONTCHEV; YAW BOATENG; ABRAHAM DENG, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AAA CAB SERVICE, INC., DBA AAA Sedan, DBA AAA Yellow Cab Company, DBA Aguila's, DBA Checker, DBA Courier, DBA Fiesta, DBA Neal's, DBA TLC, DBA Yellow, an Arizona corporation; H&M ENTERPRISES, INC., an Arizona corporation; YELLOW CAB COMPANY, an Arizona corporation; MIR MASOOD SHAMSA, husband; AHOU SHAMSA, wife; HOSSEIN DIBAZAR, husband; LEILA DIBAZAR, wife; JACK GILMET, husband; JANE DOE GILMET, wife, <br><br> Defendants-Appellees. | No.    15-15789 <br><br> D.C. Nos.    2:12-cv-00256-ROS <br>            2:13-cv-02152-ROS <br>            2:14-cv-00038-ROS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted March 17, 2017
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN and WATFORD, Circuit Judges, and GUIROLA,[**] Chief District Judge.

Appellants (collectively, the Drivers) brought this consolidated class action against appellees (collectively, AAA Cab), alleging failure to pay timely and minimum wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206, and Arizona law, Ariz. Rev. Stat. (A.R.S.) §§ 23-351, 23-363.[1] The Drivers appeal the district court's order denying their motion for partial summary judgment and granting summary judgment in favor of AAA Cab on all claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The central question before us is whether AAA Cab properly classified the Drivers as independent contractors instead of employees. AAA Cab, which has the burden of proof on that issue, has established by clear and convincing evidence that the Drivers are independent contractors under the FLSA and Arizona law. *See* A.R.S. § 23-362(D); *United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001) (clear and convincing evidence means "highly probable" or "reasonably certain").

The Drivers' classification is governed by the "economic reality" of their

---

[**]    The Honorable Louis Guirola, Jr., Chief United States District Judge for the Southern District of Mississippi, sitting by designation.

[1]    The district court previously certified the class as "[a]ll current drivers who operate leased taxis from [AAA Cab] for the purpose of transporting passengers from Phoenix Sky Harbor International Airport" (the Airport) and all "relief drivers who do not have primary responsibility on the lease with [AAA Cab]."

2

working relationship with AAA Cab. *See Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961). "[E]mployees are those who as a matter of economic reality are dependent upon the business to which they render service." *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947). Thus, to classify the Drivers as independent contractors, AAA Cab must prove that the Drivers are not economically dependent on AAA Cab. *See Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). The district court properly applied the six factors our cases articulate:

(1) AAA Cab had relatively little control over the manner in which the Drivers performed their work. AAA Cab did not maintain attendance logs, establish the Drivers' work schedules, or mandate a minimum number of hours the Drivers had to spend at the Airport. It had very few records regarding the hours worked or fares earned by each Driver, and its disciplinary policy primarily enforced the Airport's rules and regulations governing the Drivers' cab operations and conduct. Phx. City Code §§ 4-2, 4-4, 4-67 to 4-83; Phx. Aviation Dep't Rules & Regs. Nos. 04-01, 08-01.[2]

(2) The Drivers' opportunity for profit or loss depended upon their managerial skill. The Drivers typically paid a flat fee to lease taxicabs from AAA

---

[2] We do not address whether AAA Cab is a joint employer with the City because the Drivers did not properly raise that issue before the district court. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998).

Cab, could work as much or as little as they wanted, kept all earnings from passenger fares except in very limited circumstances,[3] were free to provide taxi services away from the Airport, could pass out business cards to passengers and develop their own clientele, and could share their taxicabs with authorized relief drivers with whom they personally negotiated the number of hours each driver would use the cab and how they would split up the fuel and lease costs.

(3)  The Drivers invested in equipment or materials and employed helpers to perform their work.  The Drivers purchased their own gas, car washes, cleaning products, and business cards.  In addition, many Drivers hired "helpers" in the form of relief drivers.  However, because AAA Cab leased taxicabs and credit card machines to most of the Drivers, this factor is neutral.

(4)  The service rendered by the Drivers did not require a special skill.  The Drivers did not need extensive training, special technical knowledge, or highly developed skills to provide taxicab services at the Airport.  *See Real*, 603 F.2d at 755 (no special skill required where services "consist[ed] primarily of physical labor"); *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1372 (9th Cir. 1981) (no special skill required where workers could be "completely trained in five days").

---

[3]    AAA Cab retained a percentage of the fare when a passenger paid with a credit card using a credit card machine provided by AAA Cab.  In addition, the Airport charged AAA Cab a $1.00 fee for each fare that the Drivers initiated at the Airport; AAA Cab collected that fee from the Drivers and paid it to the Airport.

4

(5)  The working relationship was often lengthy.  Although Drivers could take prolonged vacations, those who did usually hired relief drivers to cover their taxicabs in their absence.

(6)  The service rendered by the Drivers was an integral part of AAA Cab's business of providing taxicab services at the Airport.

Under the totality of the circumstances, the Drivers were not economically dependent upon AAA Cab.  *See Real*, 603 F.2d at 756 ("The test, as always, must focus on the economic realities of the total circumstances.").  Rather, as a matter of economic reality, they were in business for themselves when they leased their taxicabs from AAA Cab and utilized them to earn a profit.  Accordingly, the district court properly held that, as a matter of law, the Drivers were not employees under the FLSA and Arizona law.

Each party shall bear its own costs on appeal.

**AFFIRMED.**